# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

ROY LAMPKIN,                              )
                  Movant,            )
                           )
       vs.                               )            1:10-cv-146-SEB-MJD
                           )
UNITED STATES OF AMERICA.    )

## Entry Discussing Motion for Relief Pursuant to 28
## U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Roy Lampkin for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I.  The § 2255 Motion

Roy Lampkin entered a plea of guilty to drug offenses in 1:07-cr-0105-SEB-KPF-1. The court accepted Lampkin's plea on July 18, 2008, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure.* The plea agreement entered into between Lampkin and the United States contains a contingent waiver of Lampkin's rights to both file an appeal from the disposition and to file a motion pursuant to 28 U.S.C. § 2255. That contingency was not triggered, however, because the waiver was conditioned on the court sentencing Lampkin to no more than 120 months imprisonment. Lampkin was sentenced to 126 months imprisonment. Judgment of conviction was entered on July 29, 2008. No appeal was filed.

Lampkin's motion for relief pursuant to 28 U.S.C. § 2255 was signed on January 30, 2010, and was docketed on February 3, 2010. The United States has appeared in the action and argues that Lampkin's challenge was not timely filed.

Lampkin's conviction became final on August 12, 2008, when his time to file a direct appeal expired. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with his Court on direct review, §2255's one-year limitation period starts to run when the time for seeking such review expires."). Using the 1-year period from "the date on which the judgment of conviction becomes final" specified in 28 U.S.C. § 2255(f)(1), to be timely, Lampkin's present motion would have to have been filed by August 12, 2009. Applying the prison mailbox rule, *see Houston v. Lack,*

487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing), the date Lampkin signed the motion was more than five months after the § 2255(f)(1) statute of limitations expired.

Lampkin acknowledges that his motion was not timely filed. He argues that equitable tolling should excuse his late filing. The court does not agree.

"Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing." *Robinson v. United States*, 416 F.3d 645, 650 n.1 (7th Cir. 2005). Indeed, equitable tolling is "such exceptional relief that we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (internal quotation omitted). Lampkin glosses over the basis of equitable tolling by failing to show that he was in some manner prevented from timely filing his motion for relief pursuant to 28 U.S.C. § 2255. Lampkin fails to address in any manner the circumstances surrounding the date that he filed his motion. Absent such facts, the extraordinary relief sought in excusing the late filing must be denied. *See also Poe v. United States*, 468 F.3d 473, 476-77 (7th Cir. 2006) (such extraordinary circumstances have yet to be presented to warrant equitable tolling).

Lampkin further attempts to circumvent the timeliness issue by asserting that he was actually innocent and that his attorney was ineffective by failing to object to his illegal conviction. He argues that on cross-examination of Special Agent Brouwer it was established that there was an insufficient factual basis of any amount of drug for the court to accept his plea. Contrary to Lampkin's theory, an allegation of "actual innocence" does not render the timeliness barrier inapplicable. "[N]either the Supreme Court nor [the Seventh Circuit] has ever applied the actual innocence exception to overcome the failure to timely file under §2244." *Gildon v. Bowen*, 384 F3d 883, 887 (7th Cir. 2004).

Finally, Lampkin argues that the one year limitation period in this case began to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Lampkin alleges that from his sentencing until January 7, 2010, he had "sought out information as to why counsel Wagoner had not gotten back with him on appealing his case." He alleges that on January 7, 2010, he received a letter from trial counsel informing him that she had not filed an appeal on his behalf because she believed the plea agreement precluded him from filing an appeal. As noted above, the plea agreement waiver on that point was, in fact, not invoked in this case.

For purposes of the statute of limitations, the factual basis for Lampkin's claim is that no appeal was filed. He could have ascertained within days of the date of his sentencing on July 29, 2008, that no appeal had been filed. The January 7, 2010, letter from counsel may identify counsel's thought process in foregoing an appeal, but nothing in the letter constitutes the factual predicate for Lampkin's claim. The Seventh Circuit has held that a petitioner "cannot get traction by recharacterizing this as a challenge to counsel's conduct." *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005).

No new "factual predicate" supporting a "claim" that counsel rendered ineffective assistance is possible even in theory, because the adequacy of counsel's performance must be assessed in light of what was actually known (or reasonably knowable) at the time counsel acted, rather than what comes to light years later.

*Escamilla*, 426 F.3d at 871 (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

Because the pleadings and the expanded record show that Lampkin's § 2255 action was not timely filed, his motion for relief pursuant to 28 U.S.C. § 2255 must be denied without the court reaching the merits of his underlying claims. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Lampkin has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/06/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana